# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL ROBLEDO,<br><br>Plaintiff,<br><br>v.<br><br>LERDO JAIL INTAKE EMPLOYEES,<br><br>Defendants. | Case No.  1:13-cv-01274-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED PLEADING DUE IN THIRTY DAYS |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court for screening is Plaintiff's complaint filed on August 14, 2013. (ECF No. 1.)  For the reasons set forth below, the Court finds that the Complaint does not state a cognizable claim and ORDERS that it be DISMISSED with leave to amend.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

1

immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

## III.  PLAINTIFF'S ALLEGATIONS

This matter arose at the Lerdo (Pre-Trial) Intake Facility ("Lerdo") which is operated by the Kern County Sheriff's Department. Plaintiff complains Defendants,

1 unnamed intake deputies at Lerdo, negligently delayed for three minutes intervening in
2 an attack upon Plaintiff by four inmates, causing Plaintiff unspecified pain and suffering.
3     Plaintiff seeks monetary compensation.

## IV. THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

### A. No Named Defendants

6     Plaintiff makes allegations against unnamed officers without identifying them as
7 doe defendants or otherwise so that they can be distinguished from one another or
8 other officers. Plaintiff may not bring suit against unnamed defendants. Fed. R. Civ. P.
9 10(a).

10     Plaintiff may not attribute liability to groups generally. See Chuman v. Wright, 76
11 F.3d 292, 294–95 (9th Cir. 1996) (holding instruction permitting jury to find individual
12 liable as member of team, without any showing of individual wrongdoing, is improper).

13     Plaintiff's allegations do not establish that any named Defendant participated in
14 the violation of his rights. The Court will grant Plaintiff leave to amend. To state a claim
15 under § 1983, Plaintiff must set forth specific facts as to each individual defendant's
16 deprivation of protected rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

17     Plaintiff may name individual defendants if their identity is known or by "doe"
18 designation if their identity is not known. See Dempsey v. Schwarzenegger, 2010 WL
19 1445460, *2 (N.D. Cal. April 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D.
20 Cal. October 14, 2009). In any amended complaint, Plaintiff shall either name the
21 defendants involved or list them as doe defendants and describe what each did to
22 violate his rights. Alexander v. Tilton, 2009 WL 464486, *5 (E.D. Cal. Feb.24, 2009).
23 The burden is on the plaintiff to promptly discover the full names of doe defendants.
24 Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20,
25 2010).

26     Any amended pleading must include a summary of the events underlying the
27 alleged violation of Plaintiff's rights. Plaintiff must describe how his rights were violated
28 and identify the individuals responsible. It is not sufficient to state, as Plaintiff does in

the complaint, that "intake deputies" violated his rights.

**B.     No Failure to Protect**

The Court discusses below the standards applicable to Plaintiff's allegations.

1.     Eighth Amendment

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence. Farmer, 511 U.S. at 832–33; see also Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "[T]he official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference" Farmer, 511 U.S. at 837. The official also must have had a reasonable opportunity to intervene. Orwat v. Maloney, 360 F.Supp.2d 146, 155 (D. Mass. 2005), citing Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 n.3 (1st Cir. 1991).

Plaintiff does not allege facts of an Eighth Amendment claim for failure to protect. No facts suggest any individual was aware of a serious risk posed by other inmates. Plaintiff does not explain: the events leading up to the attack; the nature of the attack; why he believes any potential defendant was aware of it or the risk it might occur; where defendants were located when they became aware of the attack; how he knows they became aware; how they reacted; why he believes they reasonably could have intervened; why he believes they deliberately refused to intervene; and what, if any, injuries he suffered.

Plaintiff's assertion that Defendants were negligent, even if factually supported, is not a basis for an Eighth Amendment claim. A prisoner must allege facts that he was

4

incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834.

### 2. Fourteenth Amendment

It remains unclear from the pleading whether Plaintiff had been convicted of a crime at the time of the alleged violation.

Claims for failure to protect, when brought by a detainee who has been neither charged nor convicted of a crime, are analyzed under the Fourteenth Amendment reasonableness standard. Gibson v. County of Washoe, 290 F.3d 1175, 1189 (9th Cir. 2002); Frost, 152 F.3d at 1128. Civilly detained persons must be afforded "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," and are thus entitled to protection under the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 322 (1982); Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004). The Due Process clause guarantees civil detainees the right to be protected and confined in a safe institution.

The Ninth Circuit has not addressed what legal standard a civilly committed individual must meet in order to show that a defendant is liable for failure to protect him from harm by another detainee. At least one other circuit, however, has held that a civil detainee must show that the "defendants displayed deliberate indifference toward a risk that he was in danger." Thomas v. Van Hollen, 387 F. App'x 630, 631 (7th Cir. 2010), citing Farmer, 511 U.S. at 834; see also Alves v. Murphy, 530 F.Supp.2d 381, 391 n.6 (D. Mass. 2008) (noting that the First Circuit applies the Eighth Amendment deliberate indifference standard to claims brought by detainees). Deliberate indifference under the Fourteenth Amendment requires that a plaintiff show: "(1) the harm to the plaintiff was objectively serious; and (2) the official was deliberately indifferent to [his] health or safety." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

For the same reasons an Eighth Amendment claim fails, any potential Fourteenth Amendment claim for failure to protect would similarly fail.

3.  Summary

Plaintiff does not allege facts suggesting a failure to protect by any named defendant that is actionable as a § 1983 claim. Plaintiff will be given leave to amend. If Plaintiff files an amended pleading he must clearly state whether at the time relevant he was a convicted prisoner or a detainee awaiting trial, and he must set forth sufficient facts suggesting a failure to protect under the applicable standard above.

**V.    CONCLUSION AND ORDER**

Plaintiff's complaint does not state a claim for relief under § 1983. The Court will grant an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to state a claim that is plausible on its face." Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed

under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his complaint filed August 14, 2013;
2. Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim upon which relief may be granted;
3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, it is recommended that this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   September 13, 2013        /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE