# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL ROBLEDO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LERDO JAIL INTAKE EMPLOYEES,<br><br>　　　　Defendants. | Case No. 1:13-cv-01274-MJS (PC)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO OBEY A COURT ORDERS AND FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 8)**<br><br>**DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. §1915(g)**<br><br>**CLERK TO CLOSE CASE** |

　　　　Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff's complaint was dismissed for failure to state a claim, but Plaintiff was given leave to file an amended pleading provided he do so by not later than October 21, 2013. (ECF No. 7.) The October 21st deadline passed without Plaintiff either filing an amended pleading or seeking a further extension of time to do so. The Court ordered Plaintiff, by not later than December 16, 2013, to show cause why the action should not be dismissed or file an amended complaint. The December 16th deadline passed without Plaintiff responding further.

　　　　Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and

1

1 all sanctions . . . within the inherent power of the Court." District courts have the inherent
2 power to control their dockets and "in the exercise of that power, they may impose
3 sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing
4 Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice,
5 based on a party's failure to prosecute, failure to obey a court order, or failure to comply
6 with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal
7 for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
8 1992) (dismissal for failure to comply with an order requiring amendment of a complaint);
9 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with
10 local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S.
11 Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a
12 court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
13 of prosecution and failure to comply with local rules).

14 In determining whether to dismiss an action for lack of prosecution, failure to obey a
15 court order, or failure to comply with local rules, the Court must consider several factors: (1)
16 the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
17 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition
18 of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782
19 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at
20 1260-61; Ghazali, 46 F.3d at 53.

21 In the instant case, the public's interest in expeditiously resolving this litigation and
22 the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk
23 of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury
24 arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v.
25 Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring
26 disposition of cases on their merits -- is greatly outweighed by the factors in favor of
27 dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage
28 in the proceedings there is little available which would constitute a satisfactory lesser

sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Plaintiff has not responded to the Court's orders. (ECF Nos. 7 & 8.)

Accordingly, it is HEREBY ORDERED THAT:

1. This action is DISMISSED WITH PREJUDICE, said dismissal to count as a strike pursuant to 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011), and

2. The Clerk of the Court shall terminate any and all pending motions and CLOSE the case.

IT IS SO ORDERED.

Dated:   December 24, 2013          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE